UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON GUERRERO,<br>Patient #1719376,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>KENNETH SO; MAKENZI HARVEY;<br>DAN LEE TANDEN; WHITNEY<br>ANTRUM,<br><br>　　　　　　　　　Defendants. | Case No.: 3:20-cv-01117-GPC-MSB<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

　　　　Plaintiff Jon Guerrero, currently committed to Patton State Hospital ("PSH") in Patton, California, and proceeding pro se, has filed a civil rights complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl., ECF No. 1 at 1. While the nature of his suit is entirely unclear, Plaintiff seeks trillions of dollars in monetary damages against a superior court judge, deputy district attorney, public defender, and a psychiatrist, all of whom appear involved in his ongoing San Diego County Superior Court proceedings in Case No. CD267850. *Id.* at 2–7.

　　　　Plaintiff has not paid the $400 civil filing fee required by 28 U.S.C. § 1914(a), and has not filed a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a).

## I. Failure to Pay Filing Fee or Request *IFP* Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Because Plaintiff is currently committed to PSH, it is also unclear whether he is a "prisoner" as defined by 28 U.S.C. § 1915(h).[2] A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). If he fits that definition, Plaintiff is further cautioned that he even if he files an *IFP* Motion and affidavit that complies with § 1915(a)(2), he will nevertheless remain obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed *IFP*. *Id.*

[2] PSH is a forensic psychiatric hospital located San Bernardino County. *See* https://www.dsh.ca.gov/Patton/index.html (last visited July 2, 2020). PSH "provides treatment to forensically and civilly committed patients within a secure treatment area," *id.*, but also houses persons who are found incompetent to stand trial pursuant to Cal. Penal Code § 1370, and "persons judged by the court to be guilty of a crime, but not guilty because they were insane at the time of the crime are committed" pursuant to Cal. Penal Code § 1026. *Id.*

of whether his case is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor*, 281 F.3d at 847.

If Plaintiff is a prisoner, he must also submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court will assess an initial payment of 20% of (a) the average monthly deposits in Plaintiff's account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. After, the Court will direct the institution having custody to collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

However, because Plaintiff has not paid filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, and has not filed a properly supported Motion to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a), his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.  Conclusion and Order

Accordingly, the Court:

(1)  **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed *IFP* pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

(2)  **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed *IFP* which includes a certified copy of his PSH trust account statements for the 6-month period preceding the filing of his Complaint, *if* he is a prisoner as defined by 28 U.S.C. § 1915(h). *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

(3)  **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma*

*Pauperis*."[3] If Plaintiff fails to either pay the $400 civil filing fee or fully complete and submit the enclosed Motion to Proceed *IFP* within 45 days, this action will remain dismissed without prejudice based solely on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**.

Dated:  July 2, 2020

Hon. Gonzalo P. Curiel
United States District Judge

---

[3] Plaintiff is cautioned that if he chooses to proceed *IFP*, his Complaint will be screened before service and is likely to be dismissed *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune). *Bivens* recognized for the first time an implied cause of action for damages against federal actors in their individual capacity for violating a plaintiff's civil rights that is analogous to a suit brought against state actors under 42 U.S.C. § 1983. *See Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018). To state a *Bivens* claim for damages, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a *federal* actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (emphasis added).