UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON GUERRERO,<br>Inmate #1719376,<br><br>        Plaintiff,<br><br>  vs.<br><br>KENNETH SO;<br>MAKENZI HARVEY;<br>DAN LEE TANDEN;<br>WHITNEY ANTRUM,<br><br>        Defendants. | Case No.: 3:20-cv-01117-GPC-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

   Plaintiff Jon Guerrero, currently incarcerated at California State Hospital in Patton, California ("DSH-Patton"), and proceeding pro se, has filed this civil action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl., ECF No. 1 at 1. While the exact nature of his suit is unclear, Plaintiff seeks trillions of dollars in monetary damages against a superior court judge, deputy district attorney, public defender, and a psychologist or psychiatrist, all of whom appear involved in his ongoing San Diego County Superior Court criminal proceedings in Case No. CD267850. *Id.* at 2–7.

## I. Procedural Background

Because Plaintiff did not pay the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint, and did not request leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), the Court dismissed his suit on July 6, 2020. *See* ECF No. 2. The Court granted Plaintiff leave to re-open the case by paying the filing fee, or by submitting a motion to proceed IFP, but cautioned that should he meet the definition of a "prisoner" under 28 U.S.C. § 1915(h), he would nevertheless be required to pay the full filing in installments pursuant to 28 U.S.C. § 1915(b) and regardless of whether his Complaint was subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] *See* ECF No. 2 at 2–3, 4 n.3.

In response, Plaintiff has since re-opened his case by filing a Motion to Proceed IFP. *See* ECF No. 3.

## II. Motion to Proceed IFP

As Plaintiff now knows, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). This case may proceed despite Plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28

---

[1] Plaintiff's status was unclear at the time. *See* ECF No. 2 at 2 n.2 This is because DSH-Patton is a forensic psychiatric hospital located San Bernardino County. *See* https://www.dsh.ca.gov/Patton/index.html (last visited Oct. 14, 2020). DSH-Patton "provides treatment to forensically and civilly committed patients within a secure treatment area," *id.*, but also houses persons who are found incompetent to stand trial pursuant to Cal. Penal Code § 1370, and "persons judged by the court to be guilty of a crime, but not guilty because they were insane at the time of the crime are committed" pursuant to Cal. Penal Code § 1026. *Id.*

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). As required by the Prison Litigation Reform Act ("PLRA"), prisoners proceeding IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of outcome. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, section 1915(a)(2) also requires that prisoners "seeking to bring a civil action ... without prepayment of fees ... shall submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

From the prisoner's certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

/ / /

/ / /

A. 28 U.S.C. § 1915(h)

This Court and others have found that 28 U.S.C. § 1915(h)'s definition of "prisoner" does not apply to plaintiffs who have been committed to a state hospital after being adjudicated not guilty by reason of insanity ("NGI") pursuant to California Penal Code § 1026. *See e.g., Smith v. California,* 2014 WL 2180532, *1 (S.D. Cal. May 22, 2014) (finding civil detainee at DSH-Patton was not required to comply with PLRA filing fee provisions); *accord Miesegaes v. Allenby*, No. CV 15-1574 CJC (JC), 2015 WL 13763858, at *1 n.2 (C.D. Cal. May 6, 2015); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1240 (N.D. Cal. 2008) (finding plaintiff involuntarily committed to state hospital based on NGI adjudication need not comply with PLRA exhaustion requirement), *reconsideration denied*, 2009 WL 734673 (N.D. Cal. Mar. 18, 2009).

Persons charged with a criminal offense but found to be incompetent "during the pendency of [the] action and prior to judgment," however, may have their criminal prosecution suspended until mental competence has been restored. *See* Cal. Penal Code §§ 1368, 1369. If found competent at the § 1369 trial, the criminal process resumes, *i.e.*, the defendant can be tried and judgment pronounced. *See* Cal. Penal Code § 1370(a)(1)(A). If found incompetent at the § 1369 trial, the criminal trial proceeding or judgment remain suspended until competency is restored. *See id.* § 1370(a)(1)(B). The defendant determined to be incompetent is then transferred to a state hospital by the court. *See id.* § 1370(a)(1)(B)(i). But "[h]ospitalization under § 1370 is part of the criminal proceedings against the defendant rather than a civil matter." *In re Rosenbalm*, No. C 06-7801 SI PR, 2007 WL 1593207, at *2 (N.D. Cal. June 1, 2007). And "[t]hough … at a state hospital rather than in a county jail," a person found incompetent pursuant to Penal Code § 1370 nevertheless "is being detained in a facility and accused of a violation of the criminal law and therefore is a prisoner for purposes of § 1915." *Id.* Thus, unlike a civil detainee or immigration detainee who has no criminal charges pending against him, *see Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (finding person civilly committed pursuant to California's Sexually Violent Predators Act is not a "prisoner" within meaning of 28

U.S.C. § 1915); *Agyeman v. INS*, 296 F.3d 871, 885-86 (9th Cir.2002) (finding alien detained pending civil deportation proceedings not a prisoner under the PLRA), a person detained at a California State Hospital pending a competency determination still stands "accused of ... violations of criminal law." *In re Rosenbalm*, 2007 WL 1593207, at *2 (quoting 28 U.S.C. § 1915(h)).

As noted above, Plaintiff was incarcerated at DSH-Patton when he first filed his Complaint on June 17, 2020, *see* Compl., at 1, and he remained there at the time he submitted his Motion to Proceed IFP. *See* ECF No. 3 at 1. He alleges Defendants violated his civil rights in San Diego Superior Court Criminal Case No. CD267850 in early June 2020. *See* Compl. at 6. In fact, Plaintiff has filed several other civil cases and habeas corpus petitions in the Southern District over the last several months—all of them while incarcerated at DSH-Patton, and all seeking to challenge the validity of his ongoing criminal proceedings in CD267850. *See e.g., Guerrero v. Wallace,* S.D. Cal. Civil Case No. 3:20-cv-01113-LAB-WVG (petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241) (ECF No. 1); *Guerrero v. Wallace,* S.D. Cal. Civil Case No. 3:20-cv-01114-CAB-KSC (petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254) (ECF No. 1); *Guerrero v. San Diego Superior Court, et al.,* S.D. Cal. Civil Case No. 3:20-cv-01116-LAB-MSB (civil rights complaint pursuant to 42 U.S.C. § 1983) (ECF No. 1); and *Guerrero v. So, et al.,* S.D. Cal. Civil Case No. 3:20-cv-01346-CAB-LL (civil rights complaint pursuant to 42 U.S.C. § 1983) (ECF No. 1); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc*., 285 F.3d 801, 803 n.2 (9th Cir. 2002)).[3]

---

[3] All of these cases have been dismissed during preliminary screening due to Plaintiff's failure to pay the appropriate filing fees or properly move to proceed IFP, *see* 3:20-cv-01113-LAB-WVG (ECF No. 2); 3:20-cv-01116-LAB-MSB (ECF No. 2), or his failure to

These public records show Plaintiff meets the definition of "prisoner" under 28 U.S.C. § 1915(h) because he has not been not civilly committed at DSH-Patton nor adjudicated NGI, but instead has been hospitalized pending Cal. Penal Code § 1370 mental competency proceedings in San Diego Superior Court Criminal Case No. CD267850. *See Guerrero v. Wallace*, S.D. Cal. Civil Case No. 3:20-cv-01114-CAB-KSC, ECF No. 1 at 12–15. On June 3, 2019, Plaintiff was found competent to stand trial and criminal proceedings were re-instated. *Id.* at 12 (citing *In the Matter of the Application of Jon Guerrero*, S.D. Superior Court Case No. HC 24531/ SCD 267850, Order Denying Petition for Writ of Habeas Corpus, dated June 2, 2020). On January 27, 2020, Plaintiff pleaded guilty to four counts of attempted murder, five counts of assault likely to produce great bodily injury, two counts of arson of property, and admitted to "corresponding enhancements and allegations" resulting in a stipulated sentence of four terms of life without the possibility of parole, and an additional term of 56 years to life, plus 87 years. *Id.* at 12–13. A sentencing hearing was set for May 1, 2020, but was trailed due to the COVID-19 pandemic. *Id.* at 13.

Therefore, the Court finds that because he stood accused, pleaded guilty, and awaited sentence for violations of criminal law at the time he filed this civil action, *see* 28 U.S.C. § 1915(h), Plaintiff's IFP application must comply with 28 U.S.C. § 1915(a)(2), and he "shall be required to pay the full amount of a filing fee" as required by 28 U.S.C. § 1915(b)(1) and (2).

/ / /

/ / /

---

name the proper respondent, state a cognizable federal claim, or allege exhaustion of state judicial remedies. *See* 3:20-cv-01114-CAB-KSC (ECF No. 3). Plaintiff's most recent § 1983 complaint was found duplicative of his previously-filed complaint in 3:20-cv-01116-LAB-MSB, and was therefore dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See* 3:20-cv-1346-CAB-LL (ECF No. 3). Plaintiff also filed a motion to proceed IFP in 3:20-cv-1346-CAB-LL, but it was denied as moot in light of dismissal. *Id.*

B.  Plaintiff's IFP Application

In support of his Motion to Proceed IFP, Plaintiff has submitted a DSH-Patton Certificate and copy of his Patient Ledger Report from August 29, 2019 through May 14, 2020. *See* ECF No. 3 at 4, 7–8; *see also* 28 U.S.C. § 1915(a)(2); *Andrews*, 398 F.3d at 1119. These documents show that while Plaintiff had a total of $484.43 deposited to his account from December 2019 through May 2020, he carried an available balance of only $.18 at time of filing. *See* ECF No. 3 at 7–8. Based on this accounting, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 3), and assesses a $16.14 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Because his available balance at the time of filing is insufficient to cover this initial fee, however, the Court will direct the Director of DSH-Patton to collect it only if sufficient funds exist in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court will further direct the Director of DSH-Patton, his or her designee, and any agency hereafter having custody of Plaintiff, to collect the remainder of the $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward payments to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

**III.  Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A**

A.  Standard of Review

As Plaintiff was advised on July 6, 2020, because he is a prisoner and is proceeding IFP, his Complaint requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and *sua sponte* dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails

to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Allegations

Plaintiff names a judge, district attorney, public defender, and the psychologist or psychiatrist involved his ongoing criminal proceedings in San Diego Superior Court Case No. CD267850 as Defendants. *See* Compl., at 2, 6. His Complaint contains no factual allegations whatsoever. Instead, it broadly proclaims Defendants "violat[ed] due process"

by proffering and/or relying on "false testimony evidence," "prolong[ed] [his] trial," and "bargain[ed]" with each other to deny him a "fair trial." *Id.* at 2–4. He seeks unspecified "equitable injunctive relief" and $21 trillion in general and punitive damages. *Id.* at 7.

C. *Bivens*

As a preliminary matter, the Court notes Plaintiff's Complaint was filed pursuant to *Bivens*; however, he does not allege that any Defendant acted under color of *federal* law. "In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __ U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).

However, because "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*," *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991), and pro se pleadings are subject to liberal construction, the Court will construe Plaintiff's Complaint as if it were filed pursuant to 42 U.S.C. § 1983, instead of simply dismissing for failing to state a plausible *Bivens* cause of action. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (noting court's duty to construe pro se prisoner's pleadings liberally when screening complaints pursuant to 28 U.S.C. § 1915A) (citation omitted); *cf. Navarette v. Pioneer Med. Ctr.,* No. 12CV0629 WQH DHB, 2012 WL 4178682, at *3 (S.D. Cal. Sept. 17, 2012) (liberally construing pro se prisoner's § 1983 Complaint to instead arise under *Bivens* where prisoner claimed violations of his civil rights by a federal actors).

D. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive

rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

  E. Discussion

  Even as liberally construed to arise under § 1983, Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8, is legally frivolous, fails to state a claim upon which § 1983 relief may be granted, and seeks damages from defendants who are absolutely immune. *See Iqbal*, 556 U.S. at 677-78; 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), 1915A(b)(1), (2).

  1. Rule 8

  First, "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than [the type of] unadorned, the defendant-unlawfully-harmed-me accusation[s]," Plaintiff offers here. *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

  For example, Plaintiff invokes his right to "due process," and claims Defendants made undefined "mistakes," committed "clerical errors," relied on "false testimony evidence," and prolonged his trial. *See* Compl. at 2. He further charges the judge with denying him an appeal, and claims his public defender "bargain[ed] with the prosecutor and judge to become one of the D.A.'s favorites." *Id.* However, "[w]hile legal conclusions" like the denial of "due process" and a "fair trial," *see* Compl. at 2, 6, "can provide the framework of a complaint, they must be supported by factual allegations," lest the Plaintiff face dismissal. *Iqbal*, 556 U.S. at 679. Mere "labels" and "naked assertions devoid of further factual enhancement" like those Plaintiff relies on here, simply "will not do." *Id.* at

678 (citing *Twombly*, 550 U.S. at 555, 557).

      2.    *Heck* Bar

Second, to the extent Plaintiff seeks damages based on allegations that he has been denied a fair trial in San Diego Superior Court Case No. CD267850, his suit may not proceed as a civil rights action. There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under § 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81-82).

Here, because Plaintiff seeks damages based on claims that he has been unlawfully convicted, sentenced, and/or incarcerated, his suit is subject to dismissal because he may not pursue such claims in a civil rights action pursuant to 42 U.S.C. § 1983 without first showing his conviction in San Diego Superior Court Case No. CD267850 has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

11

3:20-cv-01117-GPC-MSB

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87; *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on allegations that he has not received a fair trial, and asks that his criminal proceedings in CD267850 be "reversed," *see* Compl. at 3, 6, he may not proceed pursuant to § 1983, unless and until that conviction has been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489. A federal district court cannot "reverse" a state court criminal conviction pursuant to 42 U.S.C. § 1983, and an award of damages based on that conviction would necessarily imply its constitutional validity and consequently affect the duration of his confinement. *See Heck,* 512 U.S. at 487; *see also Pattillo v. Lombardo,* No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release … or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus.").

Because Plaintiff does not claim to have already invalidated the conviction which forms the basis of his suit by way of direct appeal, executive order, or through the issuance

of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his Complaint must be dismissed *sua sponte* and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See Phillipi v. Does*, No. CIV. 11-2612 DMS RBB, 2011 WL 6400303, at *2 (S.D. Cal. Dec. 20, 2011) (*sua sponte* dismissing civil rights action pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A because "habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that … the sentence currently being served is unconstitutionally long.") (citing *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486–87; *Preiser*, 411 U.S. at 500); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

### 3. *Judicial, Prosecutorial & Witness Immunity*

Third, to the extent Plaintiff seeks damages against Judge So for "not giving [him] an appeal," for "breach of trust," and for "postponing [his] case," *see* Compl., at 2, 4, his claims are legally frivolous, because "[j]udges are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("A judge lacks immunity where [s]he acts in the clear absence of all jurisdiction, or performs an act that is not judicial in nature.") (internal quotation marks and citations omitted); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). "Issuing orders, setting schedules, and remanding criminal defendants into custody" are all acts performed within a trial judge's official capacity. *Thomas v. Shah*, No. 5:18-CV-02193-AG (SHK), 2018 WL 5734593, at *2 (C.D. Cal. Oct. 31, 2018); *see also Mainez v. Gore*, No. 3:17-CV-01359-JAH-JLB, 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against Superior Court Judge subject to *sua sponte* dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) & 1915A(b)).

To the extent Plaintiff claims Assistant District Attorney Makenzi Harvey also "violat[ed] due process," by "prolonging [his] trial," and making "clerical errors," *see* Compl. at 2, 4, his Complaint must also be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(iii) & 1915A(b) because Harvey is entitled to absolute prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (finding claim against prosecutors with clear immunity legally frivolous within the meaning of section 1915) (citation omitted).

To the extent Plaintiff also seeks damages against Whitney Antrum, a psychologist or psychiatrist involved in his state court competency proceedings, based on claims that he or she proffered "false testimony evidence," *see* Compl. at 2, his Complaint must also be dismissed on immunity grounds pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2). *See Rosenbalm*, 2010 WL 2764439, at *5 (dismissing § 1983 damages claims against psychologist alleged to have committed perjury during Cal. Penal Code § 1370 competency proceedings pursuant to 28 U.S.C. § 1915A(b)(1), (2) based on absolute witness immunity) (citing *Briscoe v. LaHue*, 460 U.S. 325, 329–46 (1983); *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989)).

### 4. "Under Color" Requirement

To the extent Plaintiff names his appointed public defender, Dan Lee Tanden, as a Defendant, *see Compl. at* 1-2, and alleges Tanden was "very poor at objecting" while representing Plaintiff during criminal proceedings in San Diego Criminal Case No. CD267850, he also fails to state a claim upon which section 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Garnier v. Clarke*, 332 Fed. Appx. 416 (9th Cir. 2009) (affirming district court's *sua sponte* dismissal of prisoner's

section 1983 claims against appointed counsel); *Schmidt v. Mize*, No. 18-CV-00725-BAS-PCL, 2018 WL 2411750, at *3 (S.D. Cal. May 29, 2018) (*sua sponte* dismissing prisoner's § 1983 claims against public defender pursuant to 28 U.S.C. § 1915(e)(2)).

  *F.* *Leave to Amend*

  Finally, while the Court would normally grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so in this case would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

  Amendment is futile because even if Plaintiff could somehow allege facts to show Defendants violated his constitutional rights during the course of his criminal proceedings in San Diego Superior Court Case No. CD267850, and include facts to suggest the named Defendants could be liable for damages under § 1983, he still could not proceed because he has yet to invalidate his conviction and/or sentence via direct appeal or through the issuance of a federal writ of habeas corpus. *See Heck*, 512 U.S. at 486-87.

  A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*, 508 F.3d at 1225 (citations omitted).

  Here, the Court takes judicial notice of *Guererro v. Wallace*, S. D. Cal. Civil Case No. 3:20-cv-01114-CAB-KSC, in which Plaintiff also filed a writ of habeas corpus seeking to challenge the constitutional validity of his criminal proceedings in San Diego Superior Court Case No. CD267850 in this Court pursuant to 28 U.S.C. § 2254. *See id.*, ECF No. 1, "Pet." at 1–11. Plaintiff's habeas petition, as well as an attached exhibit, a June 2, 2020 San Diego Superior Court Order denying his petition for writ of habeas corpus in San Diego

Superior Court Case No. HC24531, *see* id. at 12–14, both demonstrate that efforts to invalidate Plaintiff's conviction in CD267850 have not yet been successful. Therefore, because Plaintiff's state and federal collateral proceedings reveal he cannot yet amend his Complaint to allege the additional facts required to show either that the underlying conviction or sentence which forms the basis of his claims in this case has already been invalidated, or that any of the Defendants he seeks to sue for money damages could be held liable under § 1983, the Court denies leave to amend as futile. *See Lopez*, 203 F.3d at 1127; *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (noting that leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

**IV.   Conclusion and Orders**

For the reasons discussed, the Court:

1)   **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3);

2)   **DIRECTS** the Director of DSH-Patton, or his or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3)   **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Director, DSH-Patton, 1600 9th Street, Rm 151, Sacramento, California, 95814;

4)   **DISMISSES** Plaintiff's Complaint as frivolous, for failing to state a claim, and for seeking damages from defendants who are absolutely immune pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and § 1915A(b)(1), (2) without prejudice,[4] but without

---

[4] *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (court should dismiss claims barred by *Heck* without prejudice "so that [the plaintiff] may reassert his claims if

leave to amend;

5) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

6) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated:  November 3, 2020

Hon. Gonzalo P. Curiel
United States District Judge

---

he ever succeeds in invalidating his conviction."); *Briggs v. Enriquez*, No. CV 17-4615-FMO(E), 2017 WL 6210802, at *4 (C.D. Cal. Nov. 1, 2017), *report and recommendation adopted*, No. CV 17-4615-FMO(E), 2017 WL 6209818 (C.D. Cal. Dec. 7, 2017).